**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROBERT GARNETT,
Petitioner,

v.

RYAN-WALSH, INCORPORATED;

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
Respondents.

No. 96-2555

On Petition for Review of an Order
of the Benefits Review Board.
(BRB No. 95-0951)

Submitted: March 31, 1998

Decided: June 4, 1998

Before WILKINS and MICHAEL, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

E. Paul Gibson, Allison A. Stover, RIESEN LAW FIRM, L.L.P.,
North Charleston, South Carolina, for Petitioner. Richard P. Salloum,
FRANKE, RAINEY & SALLOUM, P.L.L.C., Gulfport, Mississippi,
for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert Garnett petitions for review of an order of the Department of Labor's Benefits Review Board (Board). While employed by Ryan-Walsh, Inc., as a "hustler" driver, Garnett was involved in an accident. As a result of the injuries he sustained, Garnett sought temporary total disability until his date of maximum medical improvement and either permanent total or permanent partial disability thereafter. The Board summarily affirmed the decision of an administrative law judge (ALJ) who denied Garnett's claim for permanent total or permanent partial disability benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. #8E8E # 901-950 (1994). The ALJ also set Garnett's date for maximum medical improvement at May 24, 1993, ending his temporary benefits as of that date.

Ordinarily, we review the Board's decision for errors of law and to determine whether the Board observed its statutorily-mandated standard for reviewing the ALJ's factual findings. See Newport News Shipbuilding & Dry Dock Co. v. Tann, 841 F.2d 540, 543 (4th Cir. 1988); Newport News Shipbuilding & Dry Dock Co. v. Director, OWCP, 681 F.2d 938, 941 (4th Cir. 1982). In turn, the Board's review of the ALJ's factual findings is limited by the requirement that "[t]he findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole." 33 U.S.C. § 921(b)(3). However, under the procedure introduced by the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134,§ 101(d), 110 Stat. 1321, 1321-29, the ALJ's decision in this case was affirmed by default and there is no Board decision for this court to review. Consequently, the ALJ's findings of fact must be upheld if supported by substantial evidence.

"While substantial evidence requires `more than a mere scintilla,' it is only `such relevant evidence as a reasonable mind might accept

2

as adequate to support a conclusion.'" <u>Universal Maritime Corp. v. Moore</u>, 126 F.3d 256, 263 (4th Cir. 1997) (quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)). Garnett claims that the ALJ erred in his determination of the date of maximum medical improvement and his decision that Garnett had failed to show a permanent total or partial disability. There is no question but that the ALJ's determination is supported by substantial evidence in this case.

The ALJ premised his conclusion regarding the date of maximum medical improvement on the opinion of Dr. Donald R. Johnson. Dr. Johnson examined Garnett on three separate occasions and concluded that Garnett was capable of returning to work on May 24, 1993. Garnett notes that Dr. Johnson's opinion is contradicted in the record by the opinion of Dr. Howard Brilliant, Garnett's treating physician. Dr. Brilliant designated June 1, 1993, as Garnett's date of maximum medical improvement. Contrary to Garnett's suggestion on appeal, the issue for this court to consider is not whether there is evidence of record to support a different conclusion from that of the ALJ. Neither is it whether another interpretation of the evidence is more reasonable. <u>See Tann</u>, 841 F.2d at 543. Rather, this court is concerned only with whether the ALJ's opinion is supported by substantial evidence. Because Dr. Johnson's reasoned opinion constitutes substantial evidence for the ALJ's decision, we find no cause to disturb the Board's order on this front.

The same is true for Garnett's claim regarding the ALJ's finding on the permanence of Garnett's disability. Garnett first advances a type of estoppel argument, reasoning that because the Waterfront Employers-I.L.A. Pension and Welfare Fund approved his application for disability pension, the ALJ was bound to conclude that Garnett was permanently disabled. In addition, Garnett refers extensively to medical evidence of record regarding his spinal problems that might support a finding that he is permanently disabled. Garnett also contends on appeal that he would be unable to secure work on the waterfront without significant medical improvement. In advancing this contention, Garnett attacks the credibility of Nancy Favaloro, a licensed rehabilitation counselor, who testified regarding the requirements of longshore employment.

The ALJ's conclusion that Garnett could return to his previous employment is supported by substantial evidence, namely, the opin-

3

ions of both Garnett's own treating physician, Dr. Brilliant, and that of Dr. Paul B. Prichard, III. Both physicians concluded after examining Garnett that he could return to his longshore work in numerous capacities. Because substantial evidence in the form of the doctors' medical opinions supported the ALJ's determination that Garnett was unable to prove that he could not return to his previous employ, there is no cause for this court to disturb the Board's summary affirmance of the ALJ's order. See See v. Washington Metro. Area Transit Auth., 36 F.3d 375, 380 (4th Cir. 1994). As with Garnett's assignment of error regarding the date of maximum medical improvement, he identifies evidence that considered in a light most favorable to his claim would support a finding of some form of permanent disability. But as noted above, even if Garnett's suggested finding was more reasonable, so long as substantial evidence supports the ALJ's conclusion, this court will uphold it. See Tann, 841 F.2d at 543. That evidence is present in this case. Finally, contrary to Garnett's contention, the pension determination could serve as evidence of his disability, but by no means controls the ALJ's decision. Cf. Moseley v. Peabody Coal Co., 769 F.2d 357, 361 n.7 (6th Cir. 1985) (noting nongovernmental findings of total disability not binding on ALJ in black lung case).

Because there is substantial evidence to support the ALJ's decision, we deny the petition. We grant the motion to submit the appeal on the briefs and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED